**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 28 2013, 7:02 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JONATHAN R. SICHTERMANN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CALVIN MCKELLER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1209-CR-714 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Patricia Gifford, Judge
Cause No. 49G03-1107-FB-48004

**June 28, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

Calvin McKeller ("McKeller") appeals his conviction, after a jury trial, for Class B felony robbery.[1]

We affirm.

## ISSUE

Whether the trial court erred in refusing to give McKeller's tendered jury instruction on the lesser-included offense of Class C felony robbery.

## FACTS

On July 4, 2011, McKeller called Brenai Baxter ("Baxter") and invited her to a barbeque. Baxter had previously met McKeller and his friend, Kevin Perry ("Perry"), at another barbeque about a week prior. Baxter decided to go to the barbeque and agreed to give McKeller a ride in her car. Baxter and her five-year-old son picked McKeller up. McKeller gave Baxter directions to a house, but not an address. McKeller noticed some sandals in the car and asked Baxter if he could purchase them. Initially Baxter refused, but she eventually agreed. McKeller told Baxter to park in an alley. Baxter did not see anyone else and asked McKeller about others attending the barbeque. McKeller told her that the other attendees parked in front of the house. McKeller exited the car to get the money for the sandals. When McKeller returned, Perry was with him. Perry asked Baxter if he could look at the sandals. Baxter turned around to grab the sandals. When she turned back toward Perry, he was pointing a gun at her, and McKeller was pointing a gun at her son. Perry demanded money from Baxter. She refused, and Perry reached into

---

[1] Ind. Code § 35-42-5-1.

Baxter's bra and took her money. Perry and McKeller ran away, and Baxter called the police.

On July 7, 2011, the State charged McKeller with robbery and unlawful possession of a firearm by a serious violent felon, both Class B felonies. McKeller was charged jointly with Perry for the robbery. The State also charged McKeller with pointing a firearm as a Class D felony and carrying a handgun without a license as a Class A misdemeanor. A jury trial was held on July 30, 2012. After the presentation of evidence, McKeller tendered an instruction for Class C felony robbery as a lesser-included offense of the Class B felony robbery. The State objected, and the trial court refused to give McKeller's tendered instruction. The trial court did instruct the jury on the theory of accomplioce liability. The jury convicted McKeller of robbery, but acquitted him of the other charges.

## DECISION

McKeller claims that the trial court committed reversible error by refusing to give his tendered final instruction.

> When a defendant requests an instruction covering a lesser-included offense, a trial court applies [a] three-part analysis. The first two parts require the trial court to determine whether [an] offense is either inherently or factually included in the charged offense. If so, the trial court must determine whether there is a serious evidentiary dispute regarding any element that distinguishes the two offenses. [I]f, in view of this dispute, a jury could conclude that the lesser offense was committed but not the greater, then it is reversible error for a trial court not to give an instruction, when requested, on the inherently or factually included lesser offense. Where a trial court makes such a finding, its rejection of a tendered instruction is reviewed for an abuse of discretion.

3

*Wilson v. State*, 765 N.E.2d 1265, 1271 (Ind. 2002) (internal quotation marks and citations omitted). All parties agree that Class C felony robbery is an inherently lesser included offense of Class B felony robbery. Thus, the dispositive question in this case is whether there was a serious evidentiary dispute where the jury could conclude McKeller committed Class C felony robbery, but not Class B felony robbery.

Here, McKeller mistakenly believes that there is disputed evidence entitling him to a lesser-included instruction. Instead, the record shows that McKeller's attorney tried to impeach Baxter's testimony regarding whether or not McKeller was armed with a handgun.[2] However, the State charged McKeller and Perry jointly and advanced a theory of accomplice liability. In Indiana, "[a] person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, . . . ." Ind. Code § 35-41-2-4. The evidence supporting this theory shows that McKeller had Baxter drive to an alley behind a house claiming that a barbeque was taking place. McKeller left the car and came back with Perry. Perry pulled a gun on Baxter, took her money, and ran off with McKeller. Given McKeller could be convicted of robbery through accomplice liability, we cannot say the trial court abused its discretion in refusing to give McKeller's tendered instruction on the lesser-included robbery offense.

Affirmed.

KIRSCH, J., and VAIDIK, J., concur.

---

[2] McKeller's attorney impeached Baxter by calling attention to her criminal history and the fact that she could not describe the gun McKeller was holding, while providing a detailed description of Perry's handgun.